# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

SAVANAH McCULLOUGH,

Plaintiff,

v.

SHASTA COUNTY, et al.,

Defendants.

No. 2:19-CV-1739-TLN-DMC

ORDER

Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because plaintiff has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

1

Plaintiff names the following as defendants: (1) Shasta County; and (2) Tom Bosenko, the Shasta County Sheriff. See ECF No. 1, pg. 1. Plaintiff asserts subject matter jurisdiction under 42 U.S.C. § 1983. See id. at 2. Plaintiff alleges that she was an inmate at the Shasta County Jail during all times relevant to the complaint. See id. Plaintiff outlines the following factual allegations:

> 1. Plaintiff was taken into custody on August 6, 2018, pursuant to a warrant for failure to appear in the Shasta County Superior Court.
>
> 2. Upon booking, she was given a medical examination during which time plaintiff provided medical personnel a detailed history of her medical condition including specific information regarding plaintiff's seizure disorder which required her to medicate daily with 900 mg of Tegretol.
>
> 3. Following her incarceration, plaintiff was denied access to her seizure medication and began developing a series of sequential seizures that led to her developing a comatose condition requiring plaintiff to be transported to Redding Medical Center and admitted to the intensive care unit for two weeks.

Id. at 3.

According to plaintiff: "[T]he defendants and their employees took virtually no action to carry out the administration of appropriate medication to plaintiff. . . ." id.

On the limited record currently before the court, it does not appear that the action is frivolous or malicious or that plaintiff seeks relief from an immune defendant. Nor does it appear that plaintiff fails to state a claim upon which relief may be granted.[1] The court, therefore, concludes that it has subject matter jurisdiction and that the complaint is appropriate for service by the United States Marshal without pre-payment of costs. If plaintiff desires service of process by the United States Marshal without pre-payment of costs, plaintiff must comply with the requirements outlined below. Plaintiff is warned that failure to comply with this order, or otherwise effect service pursuant to Federal Rule of Civil Procedure 4, may result in dismissal of the action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110.

---

[1] This finding does not preclude defendants from appropriately challenging plaintiff's complaint.

2

Accordingly, IT IS HEREBY ORDERED that:

1. Service of the complaint is appropriate for defendants Shasta County and Tom Bosenko;

2. The Clerk of the Court shall send plaintiff two USM-285 forms;

3. Within 30 days from the date of this order, plaintiff shall submit to the United States Marshal at the address indicated below the following documents:

   a. The completed summons issued on September 11, 2019;

   b. One completed USM-285 form for each named defendant;

   c. Three copies of the complaint; and

   d. Two copies of the court's initial scheduling order and related documents issued on September 11, 2019;

4. Within 10 days after submitting the required documents to the United States Marshal, plaintiff shall file a notice indicating that the documents described above have been submitted to the United States Marshal, or a notice that plaintiff intends to serve the summons and complaint without assistance from the United States Marshal;

5. If plaintiff seeks the assistance of the United States Marshal, the United States Marshal is directed to serve all process without pre-payment of costs not later than 90 days from the date receipt of the required documents, such service of process to be completed by serving a copy of the summons, complaint, and initial scheduling order on the defendants at the addresses provided by plaintiff;

6. The Clerk of the Court is directed to serve a copy of this order on the United States Marshal at 501 "I" Street, Sacramento, CA, 95814; and

7. This matter is referred back to the assigned District Judge for all future proceedings.

Dated: October 4, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE